IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANDRA KISHOR,

      Petitioner,                    No. CIV S-11-2148 EFB P

      vs.

PEOPLE OF THE STATE,

      Respondent.                <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

      Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

      On September 26, 2011, petitioner filed an amended petition. He challenges his January 14, 2000 Sacramento Superior Court conviction. *See* Dckt. No. 9 at 1. Petitioner argues that his constitutional rights were violated because he was coerced and intimidated before and during his arrest, not read his *Miranda* rights, and entrapped. *Id.* at 4-5. He further argues that the

////

////

prosecutor at his trial committed misconduct. *Id.* at 5.[1] Petitioner does not seek monetary damages, but appears to seek release from prison.

Review of records filed in the Eastern District reveals petitioner has previously challenged his underlying conviction on at least four separate occasions: Case No. 2:03-cv-1219 LKK CMK; Case No. 2:06-cv-1592 GEB KJM; Case No. 2:08-cv-2028 FCD JFM; Case No. 2:10-cv-3171 LKK KJN. Petitioner was informed in 2:08-cv-2028 FCD JFM that he may only pursue a successive petition by first obtaining permission from the United States Court of Appeals for the Ninth Circuit. *Id.*, Dkt. No. 6.

Because petitioner is challenging the fact or duration of his confinement, his filing must be construed as a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because petitioner has previously challenged his underlying conviction, he must first move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the instant filing. 28 U.S.C. § 2244(b)(3). Therefore, this action must be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Petitioner has requested that the court appoint counsel to represent him, and that he be allowed to obtain discovery materials. Dckt. No. 8. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. As this action must be dismissed, the interests of justice would not be served by the appointment of counsel. Similarly, as the case must be dismissed, petitioner is not entitled to conduct discovery.

---

[1] Petitioner also argues that he was denied parole for a period of ten years. *Id.* at 4. Petitioner is presently challenging his 2010 denial of parole in Case. No. 2:10-cv-3101 KJM EFB.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis, Dckt. No. 2, is granted.

2. Petitioner's September 16, 2011 motion for appointment of counsel, Dckt. No. 8, is denied.

3. This case is dismissed without prejudice.

Dated:   October 5, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE